UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>Plaintiff,<br><br>v.<br><br><br>TOWN CENTER VILLAGE II, LLC,<br><br>Defendant. | Case No.:  3:25-cv-00745-JAH-LR<br><br>**ORDER DENYING MOTION TO STRIKE AND GRANTING IN PART MOTION TO DISMISS**<br><br>**[ECF Nos. 13, 14]** |

Pending before the Court is Defendant Town Center Village II, LLC's ("Defendant") Motion to Strike and Motion to Dismiss, filed pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6).  ECF Nos. 13, 14.  Plaintiff Fernando Gastelum ("Plaintiff") opposes the motions.  ECF Nos. 15, 16.

Plaintiff filed an amended complaint alleging claims under 1) Title III of the Americans with Disabilities Act, 2) the Unruh Act, 3) the Disabled Persons Act ("DPA"), and 4) Section 3294 of the California Civil Code for punitive damages based on malice and oppression of the disabled, supplementing Plaintiff's Unruh Act and DPA claims.  ECF No. 10 ("Amended Complaint" or "AC").  Defendant responded by filing the present motions to 1) strike all references to punitive damages in the Amended Complaint and 2) dismiss Plaintiff's claim for malice and oppression.

For the reasons described below, the Court **DENIES** the Motion to Strike and **GRANTS** the Motion to Dismiss with leave to amend.

## DISCUSSION

### I.    Motion to Strike Under Rule 12(f)

Defendant moves to strike all references to punitive damages in the Amended Complaint pursuant to Rule 12(f).  Fed. R. Civ. P. 12(f).  Defendant argues the relief is warranted based on Plaintiff's failure to plead sufficient allegations to support his claim for punitive damages under section 3294(a).  Cal. Civ. Code § 3294(a).

In opposition, Plaintiff argues that Defendant fails to cite the correct legal standard in support of its motion to strike and therefore fails to establish that relief is warranted.

### A.    Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).  A court should not grant a motion to strike "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Fluence Energy, LLC v. M/V BBC Finland*, 726 F. Supp. 3d 1086, 1098 (S.D. Cal. 2024).  In ruling on a motion to strike, the Court "must view the pleading under attack in the light most favorable to the pleader." *Id*.

Here, Defendant argues that Plaintiff fails to allege sufficient facts to support his claim for punitive damages under California law.  ECF No. 13-1 at 2–3.  Specifically, Defendant argues that Plaintiff's allegations relating to malice and oppression are "entirely conclusory" and that Plaintiff fails to allege any conduct showing that Defendant's corporate leaders or members acted with the requisite intent.  *Id.* at 3.  Thus, Defendant moves the Court to strike all references to requests for punitive damages for failure to plead sufficient allegations to support his claim.  *Id.* at 2.  As discussed below, the Court agrees with Plaintiff that Defendant fails to cite to the correct standard under Rule 12(f).

Defendant's argument makes no attempt to demonstrate that Plaintiff's punitive

2

damages allegations are redundant, immaterial, impertinent, or scandalous as required by Rule 12(f). Rather, Defendant's motion to strike Plaintiff's claims for punitive damages is based entirely on the issues of whether Plaintiff sufficiently pled facts to show that there was oppression or malice and whether Plaintiff sufficiently pled facts to show that Defendant's corporate leaders or members acted with the requisite intent.[1]

Notably, Defendant's own cited authority establishes that a Rule 12(f) motion is not the proper vehicle for challenging the sufficiency of punitive damages allegations. *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010). In *Kelley*, the defendants similarly moved to strike punitive damages allegations based on fraud, oppression, or malice by challenging the sufficiency of the underlying factual allegations. *Kelley*, 750 F. Supp. 2d at 1146. The court held that the proper vehicle for challenging the sufficiency of factual allegations is Rule 12(b)(6), not Rule 12(f), and proceeded to address the substance of the motion to strike as if it were pled pursuant to Rule 12(b)(6). *Id.* (explaining "where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion").

In light of the foregoing, this Court finds that Defendant's arguments "challenging the sufficiency of Plaintiff's factual allegations without any argument that the claims are redundant, immaterial, impertinent or scandalous" are better suited for a Rule 12(b)(6)

---

[1] Defendant also argues that "[a] motion to strike is often the preferred vehicle for dismissing a prayer for relief such as punitive damages." ECF No. 13-1 at 2 (citing to *Wilkerson v. Butler*, 229 F.R.D 166, 172 (E.D. Cal. 2005)). However, *Wilkerson* states that a "motion to strike is *appropriate* to address requested relief, such as punitive damages, which is not recoverable as a matter of law," not that it is the *preferred* vehicle. *Wilkerson*, 229 F.R.D at 172 (emphasis added). In any event, *Wilkerson* was decided prior to the Ninth Circuit's ruling in *Whittlestone* which expressly held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." 618 F.3d at 975. Thus, to the extent *Wilkerson* conflicts with the holding in *Whittlestone*, this Court follows the Ninth Circuit's precedent.

3:25-cv-00745-JAH-LR

motion, not a Rule 12(f) motion. *Kelley*, 750 F. Supp. 2d at 1146; *see also Whittlestone*, 618 F.3d at 973 (citing *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints....")); *Haney, Inc. v. Axium BioResearch*, No. 3:23-cv-01990-RBM-JLB, 2025 WL 2734218, at *17-18 (S.D. Cal. Sept. 25, 2025) (denying a motion to strike punitive damages for failure to state a claim for similar reasons). However, given that Defendant concurrently filed a Motion to Dismiss Plaintiff's punitive damages claim based on substantially the same arguments, the Court finds it appropriate to address the substance of the instant motion to strike together with the arguments in Defendant's motion to dismiss pursuant to the standard of review under Rule 12(b)(6).

Accordingly, the Court DENIES Defendant's motion to strike.

## II.    Motion to Dismiss Under Rule 12(b)(6)

Defendant moves to dismiss Plaintiff's fourth claim seeking punitive damages for malice and oppression of the disabled pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12(6). Defendant argues that dismissal is proper because 1) California courts do not recognize a cause of action for malice and oppression and 2) Plaintiff fails to plead sufficient facts to support his claim for punitive damages under section 3294(a). Cal. Civ. Code § 3294(a). Specifically, Defendant argues that to the extent Plaintiff seeks punitive damages based on violation of the Unruh Act or DPA, Plaintiff fails to allege facts showing that Defendant acted with intention, and much less with malice and oppression. ECF No. 14 at 3.

In opposition, Plaintiff argues that his request for punitive damages is a remedy, not a claim, subject to dismissal and that his prayer for relief was adequate under the liberal pleading standard of Rule 9(b). Fed. R. Civ. P. 9(b); *see generally* ECF No. 16.

### A.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

4

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). Although the factual allegations must be more than speculative, a well-pleaded complaint may proceed even if the likelihood of recovery is remote. *Twombly*, 550 U.S. at 555–56.

When ruling on a 12(b)(6) motion, courts must accept as true the facts alleged in the complaint and draw all inferences in the light most favorable to the non-moving party. *See Iqbal*, 556 U.S. at 678; *see also Moss*, 572 F.3d at 969. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and courts need not accept as true legal conclusions cast as factual allegations. *Iqbal*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The pleadings of a pro se plaintiff "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*.")). Although the pleadings are still evaluated under *Iqbal* and *Twombly*, courts are obligated, "particularly in civil rights cases, to construe the pleadings liberally and to afford the [pro se] petitioner the benefit of any doubt." *Id.*

**B.    Independent Claim for Malice and Oppression**

The Court agrees that malice and oppression do not constitute an independent cause of action under California law. *See* Cal. Civ. Code § 3294. Rather, they are predicates for a punitive damages remedy under section 3294.

5

Here, although Plaintiff styles his request for punitive damages under section 3294 as a separate claim for malice and oppression, the claim clearly states that the claim supplements counts two and three. AC at 7. This means that, rather than standing on its own, Plaintiff's request for punitive damages under section 3294 depends on Plaintiff succeeding on his Unruh Act and DPA claims at trial. Thus, notwithstanding that the claim for malice and oppression appears as a separate claim in Plaintiff's Amended Complaint, the Court finds the claim to be a request for punitive damages under section 3294, pursuant to Plaintiff's claims under the Unruh Act and the DPA.

Accordingly, Plaintiff must properly allege a prayer for punitive damages for malice and oppression under the applicable pleading standard, independently from the sufficiency of the allegations for the underlying causes of action under the Unruh Act and the DPA. In considering the sufficiency of Plaintiff's allegations for malice or oppression under section 3294, the Court will also consider the factual allegations supporting Plaintiff's Unruh Act and DPA claims to determine whether dismissal under Rule 12(b)(6) is proper.

### C. Applicable Pleading Standard

The Court holds, and the parties agree, that this Court should apply federal procedural rules given that the matter proceeds before this Court based on diversity jurisdiction. *See Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) ("It is well-established that federal courts sitting in diversity must apply state substantive law and *federal* procedural rules."). The Court will now consider whether the *Iqbal* and *Twombly* pleading standard or the Rule 9(b) standard is proper to assess the sufficiency of Plaintiff's prayer for punitive damages under Rule 12(b)(6).

In support of his argument that the Court should apply the Rule 9(b) pleading standard, Plaintiff cites *Gastelum v. Starbucks Corp. (Starbucks)*, No. 5:22-cv-08149 (N.D. Cal. Nov. 27, 2024), in which he is a party and where the court applied the "liberal pleading standard of Rule 9(b)" to hold that plaintiff stated a claim for punitive damages under section 3294. *See* ECF No. 16 at 3–4 (explaining that "under federal pleading standards, malice, intent, knowledge, and other conditions of a person's mind may be alleged

6

3:25-cv-00745-JAH-LR

generally" and holding that "Plaintiff states a claim for punitive damages for his state law claims because his third amended complaint clearly requests punitive damages and makes conclusory assertions of intentional and malicious misconduct") (citing *Clark*, 106 F. Supp. 2d 1019–20). Although Defendant does not directly address this argument, the Court finds *Clark* unavailing because it was decided prior to the Supreme Court's decision in *Twombly* in 2007 and in *Iqbal* in 2009. 106 F. Supp. 2d at 1019.

As an initial matter, this Court acknowledges that district courts within the Ninth Circuit are split on whether the *Iqbal* and *Twombly* pleading standards can be used to dismiss a prayer for punitive damages. *Compare Kelley*, 750 F. Supp. at 1146–47 (dismissing punitive damages claim based on the *Iqbal* and *Twombly* pleading standards) *with Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015) (adopting the Rule 9(b) standard and stating "in federal court, a plaintiff may include a short and plain prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent") (citing *Clark*, 106 F. Supp. 2d at 1019).

However, this Court has previously held that the *Iqbal* and *Twombly* pleading requirements apply to a request for punitive damages under California law "because Federal Rule of Civil Procedure 8(a), which dictates federal pleading standards, applies to both the statement of the claim and the demand for relief sought, applying *Twombly* and *Iqbal* to a claim for punitive damages harmonizes Supreme Court case law with the Federal Rules of Civil Procedure." *Pa. Transformer Tech., Inc. v. Charter Oak Fire*, No. 3:22-cv-00611, 2023 WL 2415163, at *2 (S.D. Cal. Mar. 8, 2023).

This Court finds no reason to depart from its prior holding. *See also Kelley*, 750 F. Supp. at 1147 ("T]he application of the pleading standards set forth in *Twombly* and *Iqbal* to claims for punitive damages under California law serves the salutary purpose of harmonizing standards applicable to state and federal proceedings while avoiding unnecessary pleading distinctions between consequential and punitive damages claims in diversity proceedings in federal court."). Accordingly, the Court will evaluate Plaintiff's punitive damages allegations under the *Twombly* and *Iqbal* standards.

3:25-cv-00745-JAH-LR

**D.      Allegations for Punitive Damages Under Cal. Civ. Code § 3294**

Under California Civil Code § 3294, "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294(a).  Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1).  Oppression is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."  *Id.* § 3294(c)(2). Despicable conduct is defined as "conduct that is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Lackner v. North*, 135 Cal. App. 4th 1188, 1210 (2006) (internal citations and quotations omitted).

"Corporations are legal entities which do not have minds capable of recklessness, wickedness, or intent to injure or deceive. An award of punitive damages against a corporation therefore must rest on the malice of the corporation's employees." *Cruz v. Homebase*, 83 Cal. App. 4th 160, 167 (2000).  Section 3294(b) provides that an employer cannot be held liable for employee acts unless "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b).  "The advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Id.*  Plaintiff must prove ratification by clear and convincing evidence. *Barton v. Alexander Hamilton Life Ins. Co.*, 110 Cal. App. 4th 1640, 1644 (2003).

Here, Plaintiff's request for punitive damages is supported by two allegations: 1)

8

"By its continuing and unrelenting discrimination against the disabled, including Plaintiff, Defendant is and has been guilty of oppression and malice;" 2) "Defendant' [sic] malice and oppression of the disabled are intentional, premeditated, and specifically designed as a marketing strategy." AC at 7. These conclusory statements do not allege any facts describing discriminatory conduct or intent, nor do they explain how the conduct actually alleged—Plaintiff arrived at a Subway store "own[ed], operate[d], lease[d], or lease[d] to a third party" by Defendant—qualifies under the standard for malice and oppression. Plaintiff also fails to identify any officer, director, or managing agent of Defendant who participated in malicious or pressive conduct, consciously disregarded the rights of others, or ratified another employee's conduct in doing so, as required by § 3294(b). *See Cruz,* 83 Cal. App. 4th at 167–68.

In addition, Plaintiff's allegation that "intentional segregation and discrimination of the type alleged here, and indeed any segregation and discrimination against any member of a protective [sic] class, is malicious or oppressive as a matter of law" is not supported by facts or California law. *Id.* Discrimination against a protected class is not per se malicious or oppressive and Plaintiff must allege sufficient facts to satisfy the requirements of the statute. *See* Cal. Civ. Code § 3294; *Colucci v. T-Mobile USA, Inc.*, 48 Cal. App. 5th 442, 454–55 (2020) (holding that there has to be clear and convincing evidence that the actions are malicious or oppressive).

Finally, Plaintiff's underlying state law claims also lack factual support. Plaintiff's Unruh Act claim consists of a conclusory allegation that "[d]efendant's store violated the Unruh Act by denying Plaintiff's rights to full and equal use." *Id.* at 5. Similarly, Plaintiff's DPA claim relies on threadbare legal conclusions that "Defendants [sic] have violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above" and "Plaintiff has been aggrieved by Defendant's non-compliance with accessibility laws." *Id.* at 6–7.

Based on the foregoing, the Court finds that Plaintiff fails to allege facts demonstrating that Defendant's conduct satisfies the definition of malice and oppression

9

3:25-cv-00745-JAH-LR

under § 3294(c). Given the lack of factual allegations that, for example, identify such an officer, director, or managing agent or that plausibly allege why the acts qualify as malice or oppression, the Court finds that Plaintiff fails to state a plausible claim for punitive damages based on malice and oppression.

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for punitive damages for malice and oppression.

## CONCLUSION

Accordingly, the Court HEREBY ORDERS:

1. Defendant's Motion to Strike is **DENIED**.

2. Defendant's Motion to Dismiss due to Plaintiff's failure to sufficiently allege a prayer for relief supporting punitive damages under a malice and oppression theory against corporate Defendant under *Iqbal* and *Twombly* is **GRANTED**.

3. The Court **GRANTS** Plaintiff forty-five (45) days from the date of this Order to file an Amended Complaint which cures the aforementioned deficiencies. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not replied").

IT IS SO ORDERED.

DATED: March 24, 2026

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

10

3:25-cv-00745-JAH-LR